FEDERICO ALCALÁ, demandante y apelado, *v.* PONCE STAR LINE, INC., demandada y apelante.

Núm. 8845.—*Sometido:* Abril 13, 1944. *Resuelto:* Julio 3, 1944.

*Leopoldo Tormes García,* abogado de la apelante; *Erasto Arjona Siaca,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Este caso tuvo su origen en la Corte Municipal de Ponce mediante una querella que en cobro de salarios radicó Federico Alcalá contra la Ponce Star Line, Inc. Se alegó como causa de acción que desde el 2 de julio de 1940 hasta el 5 de noviembre de 1941, el querellante trabajó como revisador de los autobuses y vehículos y del material rodante que la querellada utilizaba en la empresa de porteador público que tiene establecida en Ponce; que el jornal convenido fué de $1.50 diario a base de ocho horas de trabajo; que durante los 488 días comprendidos entre dichas dos fechas, el querellante recibió un salario de $1.50 diario, pero no tuvo compensación alguna por siete horas extras que diariamente trabajó durante dichos 488 días; que el querellante tiene derecho a doble compensación a razón de 36⅔ centavos por cada hora extra trabajada, y que dichas siete horas diarias extras durante el tiempo indicado tienen un valor de $1,252.53, por cuya cantidad el querellante solicitó sentencia. La corte de distrito en el juicio *de novo* que celebró a virtud de apelación interpuesta por la querellada contra la sentencia que obtuvo el querellante en la corte municipal, dictó sentencia condenando a aquélla al pago de $732 por concepto de horas extras, calculando doble compensación (36⅔ centavos) por la novena hora y compensación sencilla (18⅓ centavos) por las restantes seis horas extras diarias.

La primera cuestión que levanta la apelante es que la querella no aduce hechos constitutivos de causa de acción. Al argumentar en apoyo de la excepción previa, la apelante recurre a la prueba presentada en el juicio, tratando de sostener que de acuerdo con dicha evidencia el querellante no

trabajaba en un establecimiento, pues no tenía sitio fijo donde realizar su trabajo, y que por lo tanto el trabajo realizado por el apelado no está incluído en los que contempla la Ley núm. 49 de 7 de agosto de 1935 (Sesión Extraordinaria, pág. 539), en la cual el querellante basa su causa de acción.

La insuficiencia de una demanda puede subsanarse por la evidencia admitida sin oposición; en cambio una demanda que como la del presente caso aduce hechos constitutivos de causa de acción, no deja de ser suficiente por el hecho de que sus alegaciones no estén sostenidas por la evidencia.

■ Ya hemos visto que el querellante alegó que el trabajo en relación con el cual reclama compensación, lo realizaba para la empresa de porteador público que la querellada tiene en Ponce. La empresa a que se refiere la querella está claramente comprendida dentro de la frase "negocio lucrativo" usada en la sección 1 de la ley antes referida, la cual, en lo pertinente, dice:

"A ninguna persona se le empleará o se le permitirá que trabaje en ningún establecimiento comercial, industrial, agrícola *o en cualquier otro negocio lucrativo,* más de ocho (8) horas durante cualquier día natural." (Bastardillas nuestras.)

■ Y el trabajo que el querellante realizaba en la empresa de la querellada está claramente incluído en la sección 4 de la misma ley, que en lo pertinente dice:

"En esta Ley, a menos que del contexto de ella se deduzca otra cosa, se aceptarán las siguientes definiciones de palabras y frases de la misma:

"( *    *    *    *    *    *    *

"'Ocupación lucrativa' incluye toda obra o todo trabajo en factorías, molinos, centrales, talleres de maquinaria o establecimiento . . . *y en toda empresa* de minería o pesquería, o *de cualquiera otra índole, industrial, comercial o agrícola.*" (Bastardillas nuestras.)

No erró, pues, la corte al declarar sin lugar la excepción previa de falta de causa de acción.

■ Considerando ahora los méritos del caso, tenemos que llegar a la inescapable conclusión de que la corte a quo cometió manifiesto error en la apreciación de la prueba. Repetidas veces en el curso de su testimonio inequívocamente declaró el querellante que el convenio celebrado entre él y su patrono fué trabajar quince horas diarias por $10.50 a la semana, o sea a razón de $1.50 diario (T. de E., págs. 23 y 38). Aceptando como cierta la declaración del propio querellante, la conclusión a que llegó la corte inferior al efecto de que el patrono se obligó a pagar al obrero $1.50 por cada día de ocho horas de trabajo, no está sostenida por la evidencia. Sin duda, la corte fué inducida a error por el hecho de que la Ley núm. 49 de 1935, en su sección primera antes transcrita, prescribe que "a ninguna persona se le empleará o se le permitirá que trabaje . . . más de ocho (8) horas durante cualquier día natural." Perdió de vista la corte que, como resolvimos en el caso de *Cardona* v. *Corte,* 62 D.P.R. 61 y posteriormente en el de *Muñoz Colón* v. *Corte,* ante, pág. 236, la ley que interpretamos no es una de salario mínimo y por consiguiente si el obrero ha realizado una jornada mayor de ocho horas por un precio convenido para dicha jornada, él está obligado por su contrato, y habiéndosele pagado el jornal pactado, sólo puede recobrar del patrono la compensación extra por la novena hora de cada día trabajado.

Según declaró probado la corte inferior, el querellante trabajó 488 días. Habiendo trabajado quince horas cada día, necesariamente está incluída en las quince una novena hora diaria durante cada uno de los 488 días trabajados, o sea 488 horas. Mas como el querellante había recibido compensación sencilla por la novena hora al pagársele de acuerdo con lo pactado $1.50 diario por 15 horas de trabajo, el patrono sólo le debe la compensación extra por dichas 488 horas que representan la novena hora de cada día trabajado, las cuales a razón de diez centavos por hora importan $48.80. Fué por esa cantidad y no por $732 que la corte debió dictar sentencia a favor del querellante. *Muñoz Colón* v. *Corte,* supra.

*Por lo expuesto se modifica la sentencia apelada en el sentido de condenar a la apelante a pagar al apelado la cantidad de $48.80, y así modificada se confirma.*